UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAND STORAGE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-303 |
| | § | |
| TRICAN WELL SERVICE, L.P., *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DEFENDANTS' IN-HOUSE COUNSEL FORREST GORDON**

Pending is Plaintiff Sand Storage's motion to take the deposition of Defendant Trican's in-house counsel, Forrest Gordon.  (D.E. 180).  Having considered the motion, response, respective exhibits, the applicable law, arguments of counsel and for the reasons set forth below in more detail, the motion is **GRANTED in part.**   The undersigned orders the taking of Trican's in-house counsel, Forrest Gordon, on or before **April 17, 2015** with the limitations set forth below.

## I.      BACKGROUND

This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for case management, including making recommendations as to all dispositive motions.  (D.E. 62).  The factual and procedural history of this case will not be recited in detail as the undersigned Magistrate Judge is familiar with the case having been involved with resolving and ruling on numerous pretrial motions, discovery disputes and

dispositive motions which are among the 187 docket entries in this non-complex relatively straight forward contract dispute.  However, a short summary is appropriate.

This lawsuit arises out of a contractual dispute between Plaintiff/Counter-Defendant Sand Storage, LLC ("Sand Storage") and Defendant/Counter-Plaintiffs Trican Well Service, L.P. and Trilib Management, LLC (collectively "Trican").  On August 29, 2011, Sand Storage and Trican Well Service LP through its managing partner, Trilib Management, LLC entered in a written contract for Sand Storage to store sand for Trican. (D.E. 180-2).  On August 2, 2013, Trican provided Sand Storage with formal notice of its failure to perform its obligations under the Agreement.  (D.E. 180-3).  Sand Storage refers to this letter as the "Gordon Notice Letter" because Forrest D. Gordon is the author of the letter.  Mr. Gordon is an in-house counsel for Defendant Trican Well Service L.P. with the title of Senior Legal Counsel.  (D.E. 187-12).   Sand Storage seeks to depose Mr. Gordon because he is the author of this document which is important to the litigation. Sand Storage also maintains the letter contains false and disputed information.  (D.E. 180).  Trican objects to Sand Storage taking the deposition of Mr. Gordon because to do so would violate the attorney-client privilege.  (D.E. 187).

Of importance to Sand Storage is Trican had previously agreed to the deposition of another Trican in-house counsel, Mehgan Merman (now Mehgan Wichuk).  This agreement is not controlling to the issue currently before the Court, but it is part of the analysis.  The parties have disputed whether Trican's in-house counsel were acting as decision makers or alternatively were rendering legal advice and services to Trican.  The taking of the deposition of Ms. Wichuk was to resolve the issue of whether the Trican in-

house counsel or other Trican employees were the decision makers with regard to the Gordon Notice Letter and Sand Storage's performance of the contract.

Current defense counsel entered the case on July 1, 2014, almost a year into the litigation and substituting for Trican's prior defense counsel.  (D.E. 69, 71).  The litigation had been acrimonious with the parties having filed approximately 20 pretrial motions by July 16, 2014.  Prior to a hearing on July 16, 2014, the undersigned had a short conference in chambers with counsel for both sides to discuss briefly the state of the litigation and what matters required ruling from the Court.  It appeared the parties had turned over a new leaf and were working together to proceed in the litigation in a less contentious manner.[1]

In a written order dated July 16, 2014, the undersigned summarized the rulings made on the record.  (D.E. 87).  The order included the parties' agreement regarding Sand Storage taking the deposition of Trican in-house counsel Mehgan Wichuk and the Court's ruling denying without prejudice Sand Storage's previous motion to depose Trican in-house counsel Forrest Gordon.  The order states, in relevant parts, as follows:

> 6.     The parties have agreed on taking the deposition of Defendants' in-house counsel Megham Merman Wichuk with the following agreed stipulations.   The deposition will be limited to two hours. Plaintiff's counsel will not intentionally solicit information that is privileged. To the extent the witness testifies to matters covered by attorney-client, work-product or other privilege, Defendants do not waive or forfeit their right to assert those privileges at trial or otherwise.

---

[1]  No decisions were made in chambers and the parties were given full opportunity to present matters to the Court on the record.

7.     Plaintiff's motion to compel the deposition of Defendants' other in-house counsel, Forrest Gordon, (D.E. 60) is DENIED without prejudice. The Court believes that any discoverable, non-privileged, information Mr. Gordon may have is limited and is not crucial to Plaintiff. Further, the information can be discovered through other means including, but not limited to, the deposition of Ms. Wichuk. Mr. Gordon is, for lack of a better description, lower in the chain of command to Ms. Wichuk in the in-house legal department. Finally, Mr. Gordon's role in matters relevant to this dispute were secondary to Ms. Wichuk. *See Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir. 1999).

(D.E. 87).

The undersigned previously denied Sand Storage's motion to depose Forrest Gordon in part because Trican made Ms. Wichuk available for deposition. Trican reserved its rights to assert privilege claims at trial.  The undersigned never reached the issue of privilege regarding Mr. Gordon or whether to compel the taking of his deposition.  Ms. Wichuk was unavailable for an extended period of time due to medical issues, caring for a newborn and scheduling problems.  On February 19, 2015, the parties were able to take Ms. Wichuk's deposition pursuant to their previous agreement.  (D.E. 180, p. 1).  In the pending motion, Sand Storage complains Ms. Wichuk was "completely unknowledgeable, identifying Forrest Gordon as the person with knowledge who should be questioned." (D.E. 180, p. 1).

Trican's response includes a declaration of Forrest Gordon (D.E. 187-12) setting forth his role in the Gordon Notice Letter.  In summary, Mr. Gordon maintains his responsibilities consist solely of advising Trican on legal issues, that he intended on his

consultation with Trican employees regarding the subject matter of this lawsuit to be confidential, that he has not disclosed confidential communications to third parties, that he was not a decision maker regarding the Sand Storage contract and that he is actively involved as a member of Trican's legal team in defending this action.  (D.E. 187-12).

Mr. Gordon's declaration states that he was not a decision maker for Trican with regard to the Sand Storage contract.  However, the issue of who was the decision maker for the Sand Storage contract and from whom the information came has not been resolved with clarity.  During the hearing, counsel for Sand Storage maintained witnesses in the discovery process have been giving counsel the "run around" regarding who had decision making authority for relevant issues.  Counsel for Trican maintained no one was being given the run around, but rather, relevant decisions were not made by a single person. Regardless, Mr. Gordon as the author of the notice letter, is in the best position to provide discovery of the source of the information in the letter and Sand Storage has no other way to obtain that information because no one else appears to know.

## II.   ANALYSIS

In diversity actions, federal courts apply the law of the forum state to resolve claims of attorney-client privilege.  Fed. R. Civ. P. Evid. 501; *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991); *In re Avantel, S.A.*, 343 F.3d 311, 318 n. 6 (5th Cir. 2003).   The parties agree the law of Texas is applicable.   Texas Rule of Evidence 503 prevents discovery of the confidential communications between the client and his attorney.  The privilege protects the complete communication between the attorney and his client, including legal advice and factual information.  *Marathon Oil Co.*

*v. Moye*, 893 S.W.2d 585, 589 (Tex. App.--Dallas 1994). The communication must be confidential and between qualified persons (the attorney, the client, and their representatives), and for the purpose of assisting in the provision of legal services. Tex. R. Evid. 503(b). No presumption of privilege exists under Texas law; the party asserting the privilege must demonstrate its application. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 225 n. 3 (Tex. 2004).

The Fifth Circuit has found that "depositions of opposing counsel are disfavored generally" and "should be permitted in only limited circumstances*." Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999). In *Nguyen*, the Fifth Circuit applied the three-part test established by the Eighth Circuit in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), to determine when opposing counsel should be permitted to be deposed in a case. Pursuant to the *Shelton* analysis, the party seeking to take the deposition must show that (1) no other means exist to obtain the information than to depose the opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *Nguyen,*197 F.3d at 209 (*citing Shelton*, 805 F.2d at 1327).

Applying the *Shelton* analysis to the present case, the deposition of Mr. Gordon on limited issues is warranted. First, Sand Storage has established no other means exists to obtain the information regarding the source of the information contained in the Gordon Notice Letter and whether Mr. Gordon was acting as decision maker in regard to the Sand Storage contract. There are relevant facts in the letter, the origin of which Sand Storage has been unable to determine. As the author of the letter and after extensive discovery,

Mr. Gordon appears to be the only person with knowledge of the source of the relevant facts contained in the letter and whether he or another Trican employee was the decision maker.  The source of the information and the identity of the decision maker are factual issues and are not privileged.  The confidential communications Mr. Gordon had with Trican employees as a lawyer for Trican appear to be privileged and the Court is not allowing the interrogation of Mr. Gordon on the substance of those communications.  The Court does not find the attorney client privilege to these matters to have been waived. Finally, the information is crucial to Sand Storage.  The current state of this matter is that Sand Storage has been unable to verify the source of information contained in a crucial piece of evidence.  The Gordon Notice Letter sets forth various facts from Trican's perspective regarding Sand Storage's alleged deficient performance.  Sand Storage disputes these factual assertions and maintains some are false.  The source of the information contained in the Gordon Notice Letter is crucial to Sand Storage's efforts to challenge or contest the facts set forth in the letter.

Finally, of importance is Trican's prior agreement to allow the deposition of Trican in-house counsel Mehgan Wichuk with certain limitations agreed to by Sand Storage. (D.E. 87).  The understanding of the parties was that Ms. Wichuk was the in-house counsel most familiar with the case and she would be in position to provide discovery of certain non-privileged matters.  However, after her deposition, it appears Mr. Gordon was the Trican in-house counsel most familiar with relevant facts.  The Court is cognizant that Trican's making Ms. Wichuk available for deposition was a concession in an attempt to pursue a less contentious course of litigation.  Further, this concession

was for a deposition limited in scope and duration and Trican reserved its rights to raise matters of privilege.  (D.E. 87).  The deposition of Ms. Wichuk did not serve the intended purpose and the undersigned believes ordering the deposition of Mr. Gordon with similar stipulations is appropriate.

Therefore, the Court ORDERS the Deposition of Mr. Gordon will be taken with the following conditions and limitations:

1. The deposition shall be taken on or before **April 17, 2015**.

2. The deposition shall be limited to two hours.

3. Sand Storage's counsel will not intentionally solicit information that is privileged.

4. The scope of this deposition is limited to inquiry about the source of the factual information contained in the Gordon Notice Letter and who the decision makers were with regard to the letter and Sand Storage contract.  Counsel may not inquire about the substance of communications with Trican employees.

5. Trican does not waive their privilege claims by submitting to this deposition. The inadvertent disclosure of privileged information does not waive or forfeit Trican's rights to assert those privileges at trial.

6. This order concerns discovery and does not address the admissibility of evidence or the availability of Mr. Gordon to testify at trial.

7. Counsel will notify the undersigned's case manager of the deposition date and time of the deposition.  The undersigned will be available to address objections or other matters.

This order does not address Sand Storage's motion regarding Trican's privilege log.  Trican has updated its privilege log which has likely resolved many of the issues raised in Sand Storage's motion.  Therefore, the parties are ordered to confer on whether contested issues remain on or before **April 7, 2015**.  If contested matters have not been resolved regarding the privilege log, counsel will file its motion on or before April 10, 2015 with the response due on or before **April 15, 2015**.

ORDERED this 2nd day of April, 2015.

Jason B. Libby
United States Magistrate Judge