UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAND STORAGE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-303 |
| | § | |
| TRICAN WELL SERVICE, L.P., *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION ON PLAINTIFF'S OPPOSED
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CONTAINED IN DEFENDANT'S PRIVILEGE LOG**

Pending is Plaintiff's Opposed Motion for Discovery. (D.E. 193).[1] Plaintiff/Counter-Defendant Sand Storage, LLC ("Sand Storage") seeks to compel the production of forty documents listed in the privilege log of Defendant/Counter-Plaintiffs Trican Well Service, L.P. and Trilib Management, LLC (collectively "Trican").   After a hearing on April 27, 2015, and having considered the motion, response, reply, applicable law, and after having done a thorough *in camera* review of the documents at issue, the motion is **GRANTED in part**  and otherwise denied for the reasons set forth below.

It is ORDERED that on or before Friday, May 1, 2015, Counsel for Trican will deliver to Sand Storage the documents which correspond to entries 41[2], 42, 43, 44, 45, and 46 in its Third Amended Privilege Log (D.E. 195-2). This order compelling

---

[1] This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for case management, including making recommendations as to all dispositive motions.  (D.E. 62).

[2] The Court may have omitted ordering the disclosure of item 41 during the hearing on April 27, 2015.  However, upon review, item 41 should be produced by Trican and is purposefully included in this order.

production shall be stayed upon Trican's filing of any objection and motion for review by the District Judge and shall remain stayed until a ruling by the District Judge.

It is further ORDERED that the Clerk shall file under seal the documents which correspond to the following entries of Trican's Third Amended Privilege Log (D.E. 195-2):  31, 32, 33, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 70, 81, 82, 98, 99, 100, 101, 102, 103, and 104.[3]

## I. BACKGROUND

As previously noted, the undersigned Magistrate Judge is familiar with the case having been involved with resolving and ruling on numerous pretrial motions, discovery disputes and dispositive motions which are among the 203 docket entries in this non-complex relatively straight forward contract dispute.  A recitation of the facts and procedural history is unnecessary, however, a summary of matters relevant to the current discovery dispute is appropriate.

Counsel for Sand Storage have argued at almost every turn that counsel for Trican have acted in bad faith or otherwise behaved unethically in this litigation.  Such is not the case.  In fact, it is counsel for Sand Storage who have more than tested the patience of the Court with their confrontational approach to this litigation. To date, counsel for Sand Storage have filed thirty motions, most of which have been contested and have required considerable time of the Court.  (D.E. 12, 20, 21, 29, 30, 32, 35, 39, 53, 60, 89, 90, 108,

---

[3] For purposes of an *in camera* review of documents relevant to the pending motion, Trican provided the undersigned with a binder containing each of the items listed in its privilege log. Trican did not limit the production to the undersigned Magistrate Judge to the contested items.  However, there is no need to preserve the record on matters which are not in dispute. Therefore, the unchallenged items will not be filed under seal and the binder will be returned to Trican's counsel in its entirety.

112, 113, 114, 120, 126, 129, 133, 134, 139, 158, 169, 170, 180, 181, 193, 196, 200, 203).

Many of these motions involved matters which could have been resolved without the intervention of the Court. For example, Sand Storage filed a motion to compel mediation and a motion for sanctions (D.E. 30) after counsel for Sand Storage walked out of the mediation. Counsel for Sand Storage was unhappy with Trican's designated corporate representative for purposes of mediation. Sand Storage's reasons for walking out of the mediation bordered on being frivolous and Sand Storage is fortunate Trican did not pursue sanctions. Sand Storage also required Trican to file defensive motions which should have been resolved without court intervention. For example, Sand Storage unilaterally noticed the deposition of one of Trican's in house counsel who was on emergency medical maternity leave because she had given birth to her child prematurely. (D.E. 63). Sand Storage also unilaterally noticed the deposition of Trican employee Brad Brooks who was scheduled to be out of the country for his tenth anniversary. (D.E. 40).

Having spent too much time on these matters, the undersigned is not going to rehash each of the discovery motions, emergency motions, objections and other matters needlessly filed by Sand Storage. However, in almost every motion, response and reply filed by Sand Storage, counsel have attempted to sell their theory of the case and version of the facts to the Court in unnecessarily lengthy motions, replies and surreplies which fail to set forth the issues with clarity.[4] Sand Storage has pursued a strategy where it

---

[4] Sand Storage's most recent motion is its Supplemental Motion Regarding the Deposition of Forrest Gordon (D.E. 203) filed just last Saturday, April 25, 2015. The motion essentially amounts to a motion for reconsideration of matters previously ruled on and it fails to raise matters which alter the Court's analysis on the issues. In similar

appears intent on attempting to wear its opponent down through the prolific and protracted filing of contested motions.

Regarding the present motion, Sand Storage originally challenged Trican's privilege log in Sand Storage's motion to take the deposition of Trican's in-house counsel Forrest Gordon. (D.E. 180). During a hearing on March 31, 2015, the undersigned ordered the parties to confer on outstanding issues relating to Trican's privilege log and to attempt to resolve their disputes. Trican had previously amended their privilege log in an attempt to resolve the objections raised by Sand Storage. Sand Storage was ordered to file a motion regarding any unresolved and outstanding privilege log issues by April 15, 2015. (D.E. 190).

In the present motion, Sand Storage identifies its remaining objections to Trican's Third Amended Privilege Log. (D.E. 193). Sand Storage seeks to compel the production of documents it maintains are not privileged. The documents at issue are listed in Trican's Third Amended Privilege Log (D.E. 195-2) and are referred to according to their respective log entry number. The issues relevant to the current dispute are whether communications made by or to Trican's in-house counsel are privileged under the attorney client privilege and whether certain documents are protected work product of Trican's in house counsel.

The privilege log numbers for the disputed documents are as follows: 31, 32, 33, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63,

---

form, on April 27, 2015, Sand Storage filed a notice that it is requiring proof of authenticity of 95 of Trican's exhibits, the necessity of which will be addressed by the District Judge or undersigned in due course.

64, 65, 66, 70, 81, 82, 98, 99, 100, 101, 102, 103, and 104.  In addition to considering the motions, responses, replies, and respective exhibits, the undersigned Magistrate Judge has personally conducted a careful and time intensive *in camera* review of the contested documents which are filed under seal.

## II.   APPLICABLE LAW

The Court may compel discovery pursuant to Federal Rule of Civil Procedure 37(a)(1).  The rule requires notice to the affected person and certification the parties have conferred in an effort to obtain the discovery without court action.  *Id.*   The Court, however, should not compel the production of privileged matters.  Fed. R. Civ. P. 26(b)(1).  The parties agree that Texas law governs the attorney client privilege analysis in this diversity action.  *See* Fed. R. Evid. 501.

> The Texas Rules of Evidence define the attorney client privilege as follows:
>
> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:
>
> > (A) between the client or a representative of the client and the client's lawyer or a representative of the lawyer;
> >
> > (B) between the lawyer and the lawyer's representative;
> >
> > (C) by the client or a representative of the client, or the client's lawyer or a representative of the lawyer, to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein;
> >
> > (D) between representatives of the client or between the client and a representative of the client; or

> (E) among lawyers and their representatives representing the same client.

Tex. R. Evid. 503(b).

The party claiming the attorney client privilege has the burden to establish its applicability. *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury*, 768 F.2d 719, 721 (5th Cir. 1985)(citations omitted). In a corporate setting, the privilege extends to any employee of the corporation who, on instructions from a superior, communicates with counsel inside or outside of the corporation. *Upjohn v. United States*, 449 U.S. 383, 394–95 (1981). However, the privilege attaches only to communications made for the purpose of giving or obtaining legal advice or services, not business or technical advice or management decisions. *Id.*; *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004).

Federal law governs the analysis of the work product privilege in diversity cases. *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991). Under Federal Rule of Civil Procedure 26(b)(3)(A):

> [A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4) [ (expert discovery) ], those materials may be discovered if:
>
>> (i) they are otherwise discoverable under Rule 26(b)(1) [i.e. are within the general scope of discovery]; and
>
>> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A).

"The burden of establishing that a document is work product is on the party who asserts the claim, but the burden of showing that the materials that constitute work product should nonetheless be disclosed is on the party who seeks their production." *Hodges, Grant & Kaufmann* 768 F.2d at 721 (citations omitted). "The work product doctrine focuses only on materials assembled and brought into being in anticipation of litigation. Excluded from work product materials ... are '(m)aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation....'" *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982)(citations omitted).

**III.   ANALYSIS**

The undersigned Magistrate Judge has reviewed each of the disputed items *in camera* and has considered the briefing, exhibits and arguments of counsel. With the exception of items 41, 42, 43, 44, 45 and 46, the documents sought by Sand Storage are clearly privileged under either the attorney client or work product privilege. The documents which correspond to numbers 31, 32, 33, 40, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 61, 62, 63, 64, 65, 66, 70, 81, 82, 98, 99, 100, 101, and 102 of Trican's Third Amended Privilege Log (D.E. 195-2) are communications between Trican's in house counsel or their representative (paralegal) and Trican employees. Each communication was intended to be confidential. Each communication was made for the purpose of giving or obtaining legal advice or services, not business or technical advice or management decisions. Trican has not waived the privilege as to any of these

communications. As such, the communications are protected by the attorney client privilege and are not subject to discovery. Sand Storage's Motion to Compel items 31, 32, 33, 40, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 61, 62, 63, 64, 65, 66, 70, 81, 82, 98, 99, 100, 101, and 102 is **DENIED**.

With regard to the documents corresponding to numbers 57, 58, 59, 60, 103 and 104 of Trican's Third Amended Privilege Log, each of these documents is protected by the work product privilege. Fed. R. Civ. P. 26(b)(3)(A). Each of these documents was prepared by a Trican employee or representative (including its attorneys) in anticipation of litigation. Items 103 and 104 are also protected by the attorney client privilege. Items 103 and 104 are notes from a Trican senior managers meeting at which Trican counsel participated and reported on ongoing litigation. The documents also include reports from Trican employees to Trican counsel about certain legal matters. The relevant communications contained in items 103 and 104 were intended to be confidential and were made for the purpose of giving or obtaining legal advice or services. As such, these communications are protected by the attorney client privilege. To the extent items 103 and 104 contain information not protected by the attorney client privilege or work product privilege, that information is unrelated to the instant litigation. This potentially unprivileged information is neither relevant to any claim or defense of Sand Storage and its disclosure does not appear reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Sand Storage's Motion to Compel items 57, 58, 59, 60, 103 and 104 is **DENIED**.

Items 41, 42, 43, 44, 45 and 46 are not protected by the attorney client privilege.[5] Each of these documents is an email communication between Trican senior managers. In each of these communications, a Trican in house attorney was copied or cc'd the communication. Trican maintains that its attorney being copied on a message, as opposed to being the sender or primary recipient, does not preclude its claiming of a privilege. There may very well be instances of such communications being privileged, however, such is not the case here. Upon an *in camera* review of items 41, 42, 43, 44, 45 and 46, the undersigned finds that none were made for the purpose of facilitating the rendition of professional legal services. Therefore, Sand Storage's Motion to Compel production of items 41, 42, 43, 44, 45 and 46 is **GRANTED**.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's Opposed Motion for Discovery. (D.E. 193) is **GRANTED in part** and otherwise **DENIED** as set forth below.

It is ORDERED that on or before Friday, May 1, 2015, Counsel for Trican will deliver to Sand Storage the documents which correspond to entries 41, 42, 43, 44, 45, and 46 in its Third Amended Privilege Log (D.E. 195-2). Should Trican seek a review of this Order to the District Judge, this Order compelling the production shall be stayed upon the filing of such review by Trican and shall remain stayed until a ruling by the District Judge.

---

[5] Trican's Third Amended Privilege Log only raises attorney client privilege "AC" as to items 41, 42, 43, 44, 45 and 46.

Sand Storage's motion to compel items 31, 32, 33, 40, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 70, 81, 82, 98, 99, 100, 101, 102, 103, and 104 is **DENIED.**

It is further ORDERED that the Clerk shall file under seal the documents which correspond to the following entries of Trican's Third Amended Privilege Log (D.E. 195-2):  31, 32, 33, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 70, 81, 82, 98, 99, 100, 101, 102, 103, and 104.

ORDERED this 29th day of April, 2015.

                                            Jason B. Libby
                                  United States Magistrate Judge